IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIONNE AYRES** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | No._____ |
| ) | |
| **STERLING HEALTHCARE** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## **DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION**

Defendant, Sterling Healthcare and Rehabilitation Center ("Sterling" or "Defendant"), incorrectly identified as Sterling Healthcare, by and through its undersigned counsel, Lewis Brisbois Bisgaard & Smith LLP, pursuant to 28 U.S.C. 1441(a), hereby files this Notice of Removal of Civil Action, removing the above-captioned action from the Court of Common Pleas of Montgomery County, Pennsylvania, in which it is pending, to the United States District Court for the Eastern District of Pennsylvania.  In support of removal, Sterling avers as follows:

1. On October 15, 2025, Plaintiff filed a Complaint against Defendant in the Court of Common Pleas, Montgomery County, Pennsylvania, docketed *Dionne Ayres v. Sterling Healthcare*, 2025-26693 ("State Court Action"). A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit A. Defendant's time to answer, move, or otherwise respond to the Complaint has not yet run.

2. On February 10, 2026, Plaintiff reinstated her Complaint against Defendant. A true and correct copy of Plaintiff's Reinstated Complaint is attached hereto as Exhibit B.

3. Plaintiff generally averred that she was subjected to discriminatory and retaliatory conduct due to her purported disability stemming from her employment with Sterling. *See id*.

171391577.3

4.Plaintiff further averred that she "has suffered and will continue to suffer substantial economic, emotional, and psychological damages as a result of Defendant[] wrongful actions." *Id*. at ¶ 33.

5.This action is a civil action over which this federal Court has original jurisdiction under 28 U.S.C. 1331, as the matter involves alleged violations of Plaintiff's rights under 42 U.S.C. § 12112 *et seq* and 42 U.S.C. § 2000 *et seq*. *See* Exhibits A, B.

6.Any civil action brought in a state court for which the district courts of the United States have original jurisdiction may be removed to the appropriate district court where such action is pending, which is in the United States District Court for the Eastern District of Pennsylvania. 28 U.S.C. § 1441(a).

7.Removal of this action is timely under 28 U.S.C. § 1446(b), because this Notice of Removal was filed within thirty days after receipt by Sterling, through service or otherwise, of a copy of the pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.  Moreover, this Notice of Removal was filed within one year after commencement of the action.

8.Pursuant to 28 U.S.C. §1446(a), Sterling has attached hereto all process, pleadings, and orders that have been filed, served, or received in this action. True and correct copies of Docket Filings are attached hereto as Exhibit C.

9.Pursuant to 28 U.S.C. § 1446(d), contemporaneous with this filing, Sterling is serving a copy of this Notice of Removal upon Plaintiff and filing a copy with the Clerk of the Court of Common Pleas, Montgomery County, Pennsylvania.

171391577.3

10. Sterling reserves all rights, including but not limited to the right to supplement this Notice of Removal and/or to present additional arguments in support of its entitlement to removal, should such arguments be required.

11. Removal is hereby effected without waiver of any challenges that Sterling may have to personal jurisdiction, venue, or service of process. Further, no admission of fact, law, or liability is intended by this Notice of Removal, and all defenses, affirmative defenses, and motions are hereby reserved.

WHEREFORE, Defendant, Sterling Healthcare and Rehabilitation Center, incorrectly identified as Sterling Healthcare, respectfully requests that this Honorable Court approve removal of the above-referenced action to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

*/s/ Adam E. Collyer*
Adam E. Collyer, Esq.
Tova L. Rabin, Esq.
575 E. Swedesford Rd., Suite 102
Wayne, PA 19087
215.977.4060
Adam.Collyer@lewisbrisbois.com
Tova.Rabin@lewisbrisbois.com
*Attorneys for Defendant*

DATED: February 25, 2026

171391577.3

## CERTIFICATE OF SERVICE

I, Tova Rabin, Esquire, hereby certify that I caused a true and correct copy of the foregoing Defendant's Notice of Removal to be served on this date, via electronic and regular mail, upon the following:

Gregg L. Zeff, Esq.
Zeff Law Firm, LLC
100 Century Parkway, Suite 160
Mount Laurel, NJ 08054
gzeff@glzefflaw.com

                                              */s/ Tova Rabin*
                                               Tova Rabin

DATED: February 25, 2026

171391577.3